20-2460
Harripersaud v. Garland

BIA
Auh, IJ
A098 052 196

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand twenty-one.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

ISHRI HARRIPERSAUD,
> *Petitioner,*

v.                                                           20-2460
                                                             NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:** Alexander D. Hardiman, Pillsbury Winthrop Shaw Pitman LLP, New York, NY.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Stephen J. Flynn, Assistant Director; Jeffrey R. Meyer, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ishri Harripersaud, a native and citizen of Guyana, seeks review of a July 2, 2020 decision of the BIA affirming a January 6, 2020 decision of an Immigration Judge ("IJ") denying withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Ishri Harripersaud*, No. A098 052 196 (B.I.A. July 2, 2020), *aff'g* No. A098 052 196 (Immig. Ct. N.Y.C. Jan. 6, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA and reach only the CAT claim that Harripersaud argues before this Court. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). "The standard of review is the substantial-evidence standard: The agency's findings of fact are conclusive unless any

2

reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692–94 (2020) (internal quotation marks omitted); *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159 (2d Cir. 2005) (explaining that "we will uphold the BIA's decision unless the petitioner demonstrates that the record evidence was so compelling that no reasonable factfinder could fail to find him eligible for relief under the Convention Against Torture" (internal quotation marks and alterations omitted)).

An applicant for CAT relief must show that he would more likely than not be tortured by or with the acquiescence of government officials. *See* 8 C.F.R. §§ 1208.16(c)(3), 1208.17(a), 1208.18(a)(1). The agency must consider all evidence relevant to the possibility of future torture, including evidence of past torture, ability to relocate, and violations of human rights within the country of removal. 8 C.F.R. § 1208.16(c)(3).

Here, the BIA noted that the IJ made certain erroneous factual findings in determining that Harripersaud had failed to show a likelihood of torture, including findings that Harripersaud had returned to Guyana multiple times and had never suffered harm there. Nevertheless, the BIA concluded that Harripersaud had indeed failed to establish that he would more likely than not be

3

subject to torture in Guyana. In doing so, the BIA found that Harripersaud had returned to Guyana only once, but had suffered no harm on that trip, and that Harripersaud had never suffered harm rising to the level of torture in Guyana. The BIA also adopted the IJ's findings that "background evidence shows that [Harripersaud] could reduce his likelihood of being tortured by relocating to an area of Guyana where violence is less prevalent," and that the evidence in its totality did not establish that Harripersaud "would more likely than not be tortured by or with the acquiescence of a public official given his individual circumstances." CAR at 4.

Based on the record before us, we find that Harripersaud has not demonstrated that "no reasonable factfinder" could have reached the BIA's conclusion here. Accordingly, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court